**ZU TING ZHU, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General [1], Respondent.**

**No. 08–2688–ag.**

United States Court of Appeals, Second Circuit.

June 29, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), current Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey.

Henry Zhang, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; Susan Houser, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Zu Ting Zhu, a native and citizen of the People's Republic of China, seeks review of a May 2, 2008 order of the BIA affirming the March 13, 2007 decision of Immigration Judge ("IJ") Philip L. Morace, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zu Ting Zhu*, No. A94 915 893 (B.I.A. May 2, 2008), *aff'g* No. A94 915 893 (Immig. Ct. N.Y. City Mar. 13, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008).

As an initial matter, we find that Zhu's failure to cite the amendments made to the Immigration and Nationality Act ("INA") by the REAL ID Act of 2005 does not constitute a waiver of his claim, as argued by the Government. *Cf. Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.

2005). However, we do find his challenge to the agency's adverse credibility determination to be unavailing, as he has failed to indicate anything in the record that would compel a reasonable fact finder to conclude that he is credible.

For asylum applications governed by the amendments made to the INA by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008).

Here, the IJ properly noted that Zhu did not testify "in a responsive and spontaneous manner," but rather "as a man who looked like he had memorized his claim and repeated it back." We have held that the deference we afford to the IJ's credibility determination is at its highest point where it is based on observations of the applicant's demeanor. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir.2005). This is because a fact-finder who assesses testimony together with witness demeanor is in the best position to discern "whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script.'" *Tu Lin v. Gonzales*, 446 F.3d 395, 401 (2d Cir.2006) (internal quotation marks omitted). For these same reasons, we find proper the IJ's reliance on Zhu's demean-

or in finding him not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

The IJ also expressed concern that Zhu had not adequately corroborated his claim, finding that it would have been reasonable for him to acquire oral or written testimony from his sister or his brother-in-law. We have held that an applicant's failure to corroborate his testimony may bear on credibility because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). Here, where the IJ had already called Zhu's credibility into question because of his demeanor, it was proper for the IJ to rely on Zhu's failure to provide reasonably available evidence to corroborate his claim. *Id.*

Considering the totality of the circumstances, we find that the IJ's demeanor finding together with his corroboration finding provide substantial evidence in support of the agency's adverse credibility determination. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic*, 519 F.3d at 95. Therefore, the IJ did not err in denying Zhu's application for asylum. Further, inasmuch as Zhu bases his withholding of removal and CAT claims on the same factual predicate as his asylum claim, those claims necessarily fail. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending re-

quest for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).